

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA

v.

DUSTIN J. POST

          Defendant.

---

1:20-CR-00030 – LJV-MJR

REPORT and RECOMMENDATION

This case was referred by the presiding judge, the Honorable Lawrence J. Vilardo, to this Court, pursuant to 28 U.S.C. §636(b)(1), to handle all pretrial matters and to hear and report upon all dispositive motions. Before the Court is the motion of defendant Dustin J. Post ("defendant") seeking dismissal of the indictment. (Dkt. No. 15). For the following reasons, it is recommended that defendant's motion to dismiss be denied.

## BACKGROUND

On February 20, 2020, an indictment was filed charging defendant with two counts of production of child pornography in violation of Title 18, United States Code, Sections 2251(a) and 2251(e), and three counts of possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2). (Dkt. No. 11). The indictment alleges that on two occasions between April 1, 2019 and October 8, 2019, the defendant employed, used, induced, enticed, or coerced a minor (Victim 1) to engage in sexually explicit conduct to produce a visual depiction of such conduct. It further charges that on November 15, 2019, the defendant knowingly possessed three electronic devices, specifically a Kyocera Duraforce Pro II cell phone, a Maxtor DiamondMax 21

Hard Drive, and a SanDisk 128 GB thumb drive, containing images of child pornography which involved a prepubescent minor and minor who had not attained 12 years of age.

Each of the five counts of the indictment charges that defendant has a prior conviction in New York State relating to "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." The statutes contain the following language prescribing enhanced penalties for recidivist offenders:

> Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but **if such person has one prior conviction** under this chapter, section 1591 [18 USCS § 1591], chapter 71, chapter 109A, or chapter 117 [18 USCS §§ 2251 et seq., 18 USCS §§ 1460 et seq., 2241 et seq., or 2421 et seq.], or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), **or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor** or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years […]

18 U.S.C. § 2251(e) (emphasis added); and

> Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or **if such person has a prior conviction** under this chapter, chapter 71, chapter 109A, or chapter 117 [18 USCS §§ 2251 et seq., §§ 1460 et seq., 2241 et seq., or 2421 et seq.], or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), **or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor** or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

2

18 U.S.C. § 2252A(b)(2) (emphasis added).

Defendant filed a motion to dismiss the indictment on March 16, 2020. (Dkt. No. 15). The Government filed a response on March 30, 2020. (Dkt. No. 16). The Government states in its response that defendant's prior conviction arose after defendant received non-consensual oral sex from a 12-year-old girl on a school bus in the Village of Silver Creek, Chautauqua County, New York. On August 26, 2013, defendant was charged in Silver Creek Village Court with one count of Sexual Abuse under N.Y. Penal Law § 130.60(2), and one count of Sexual Misconduct under N.Y. Penal Law § 130.20(2). Defendant pled guilty to one count of Sexual Misconduct, was adjudicated a youthful offender, and received a sentence of six months' probation.

The Government further submits that the factual background to the current charges involves defendant's conduct in the summer of 2019 when he was approximately 24 years old. Defendant and his wife were babysitting the 12-year-old victim and her siblings when defendant allegedly lured victim into a bathroom and told her she had to perform oral sex on defendant because his son had been kidnapped and the kidnappers demanded such a video. Later that night, defendant allegedly again convinced victim to perform oral sex on him for a video. Defendant recorded both acts on his cell phone and admitted this in an interview with Homeland Security Investigations agents on November 21, 2019. Defendant was arrested and charged by criminal complaint with production of child pornography. A subsequent search of defendant's electronic devices revealed child pornography, including images of prepubescent minors.

## DISCUSSION

Defendant moves to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b)(3) on three grounds. First, he asserts that because his prior misdemeanor conviction was a youthful offender adjudication it does not qualify as a "prior conviction" under the law. Second, he argues that even if his prior conviction is viewed as such, the conviction for sexual misconduct under New York state law does not qualify as one related to "aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor," as specified by the federal statutes. Lastly, defendant argues that the Government has tainted the grand jury by unnecessarily and wrongfully advising that defendant has a prior sexual abuse conviction.[1]

The Government counters that Second Circuit precedent directs that an adjudication of a youthful offender constitutes a "prior conviction" under 18 U.S.C. § 2251 and § 2252A. Further, it asserts that because defendant was convicted under a specific subsection of the state sexual misconduct statute, it can be shown that the prior offense is a qualifying predicate for the federal charges. As to defendant's third argument, the Government responds that proof of defendant's prior conviction is relevant, would be admissible at trial under Fed. R. Evid. 414, and was properly presented to the grand jury.

1. *Defining "Prior Conviction"*

Defendant first moves to dismiss the indictment on the basis that, under New York State law, his youthful offender adjudication "is not a judgment of conviction for a crime or any other offense." See N.Y. Crim. Proc. Law § 720.35; *see also* § 720.20(3) ("Upon

---

[1] Defendant additionally objects that the Government has failed to provide discovery related to his criminal history but nonetheless presented that information to the grand jury. He contends the Government secured an indictment by relying on a confidential bail report but provides no proof or foundation for making such an allegation.

4

determining that an eligible youth is a youthful offender, the court must direct that the conviction be deemed vacated and replaced by a youthful offender finding."). He submits that the charged federal offenses do not define "prior conviction," and that the Second Circuit has not addressed the question in this context. The Government responds that the Second Circuit has weighed in on this issue, directing that prior convictions of youthful offenders may be used to enhance a sentence under 18 U.S.C. § 2251 and 2252A.

Defendant believes the Court should apply state law to determine whether a youthful offender adjudication can serve as a predicate for federal sentencing enhancement based on *United States v. Sellers*, 784 F.3d 876 (2d Cir. 2015). The *Sellers* Court held that a youthful offender adjudication was not a qualifying conviction under the Armed Career Criminal Act ("ACCA"), codified at 18 U.S.C. § 924(e), because the definitions found in § 921(a)(20) specifically require the district court to "apply the law of the jurisdiction in which the proceeding was held" to determine what constitutes a prior crime. *Id.*, 784 F.3d at 884. Looking to the relevant state law, which provides that youthful offender adjudication sets aside or vacates a conviction, the Court concluded that such a conviction could not be a predicate offense for "multiple offender sentencing" under the ACCA. *Id.*, 784 F.3d at 886.

Unlike the ACCA, Chapter 110, Title 18 of United States Code relating to sexual exploitation and abuse of children, under which defendant is charged, does not provide a similar definition, nor does it direct the courts to apply the law of the jurisdiction in which prior proceedings were held. *See* 18 U.S.C. § 2256. "[In] the absence of a plain indication to the contrary, … it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law." *Dickerson v. New Banner Inst.*,

5

460 U.S. 103, 119 (1983) (citations omitted).[2] The Supreme Court deemed this necessary to ensure greater uniformity in federal sentences. *Id.*, 460 U.S. at 119-120. Several circuits have held that "federal law generally determines whether an offense constitutes a prior conviction" under federal child pornography statutes. *See United States v. Maupin*, 520 F.3d 1304, 1307 (11th Cir. 2008) ("the language of § 2252A does not prohibit the use of federal law or require reference to state law to define prior conviction."); *United States v. Gauld*, 865 F.3d 1030, 1032 (8th Cir. 2017) (explaining that "even though Gauld's adjudication occurred under state law, we look to federal law to define" the term "prior conviction" for a violation of § 2252(a)). Thus, the Court here must refer to federal, not state law, to determine whether defendant's underlying conviction satisfies the penalty enhancements of § 2251(e) and § 2252A(b)(2).

A more apt comparison than *Sellers* is found in *United States v. Sampson*, wherein the Second Circuit examined the relevance of three prior felony drug convictions that were "replaced by a youthful offender finding" in applying enhanced sentencing under 21 U.S.C. 841(b). *See* 385 F.3d 183, 194-95 (2d Cir. 2004). The Court reasoned that a conviction which is merely "deemed vacated" under New York youthful offender provisions is not actually expunged or vacated. *Id.*; *see also United States v. Matthews*, 205 F.3d 544, 547-48 (2d. Cir. 2000). The Court further opined that even though New York Courts do not use youthful offender adjudications as predicates for enhanced sentencing, that does not restrict federal courts from taking them into account when imposing sentences. *Sampson*, 385 F.3d at 195. The "purpose of the [federal statute], to

---

[2] In fact, Congress amended § 921(a)(20) in response to *Dickerson's* holding that, for purposes of federal firearms disabilities, state law did not determine the present impact of a prior conviction. *Logan v. United States*, 552 U.S. 23, 27-28 (2007).

6

punish and deter recidivism, would be frustrated if recidivist offenders were excused from enhanced sentencing merely because their prior offenses are not deemed 'convictions' under state law." *Id.* (internal quotations omitted).

Further, in an unpublished opinion in *United States v. Salvatore*, the Second Circuit held that a New York youthful offender adjudication for a criminal sexual act was a "prior conviction" triggering an enhanced penalty for violation of § 2252A(b)(1), the same statute under which defendant is charged here. *See* 568 Fed. Appx. 76 (2d Cir. 2014) (summary order). Salvatore made arguments very similar to this defendant's, including that an individualized inquiry into the substantive consequences of the youthful offender adjudication must be made to determine whether it should count as a "conviction." *Id.*, 568 Fed. Appx. at 77. Expressing doubt that an individualized analysis was necessary, the Court rejected those challenges and concluded that Salvatore's youthful offender adjudication was a "conviction" whether examined individually or categorically. *Id.* The Court did review factors relevant to the substantive consequences of the underlying adjudication: looking at whether the defendant was tried in an adult court, how the adjudication is characterized by state law, and whether any sentence was served in an adult prison. *Id.* (citing *United States v. Jackson*, 504 F.3d 250, 253 (2d Cir. 2007).

Here, applying either the categorical or individualized analysis approach to defendant's youthful offender adjudication renders the same result. Defendant was seventeen years old at the time of the criminal conduct and he was prosecuted in an adult Court. He was convicted of Sexual Misconduct, a Class A misdemeanor, for which he faced up to a year of incarceration. He was sentenced to six years' probation. By comparison, Salvatore was convicted of a Class B felony, was "a few months shy of his

7

eighteenth birthday when he committed the offense," and did not serve time for his offense. *See Salvatore*, 568 Fed. Appx. at 77-78. It also appears that the conduct defendant is currently charged with was committed within his period of probation. This is precisely the type of recidivist behavior that the federal sentencing structure seeks to discourage. Whether considering the individual factors of his past proceedings or making a categorical decision, defendant's past youthful offender adjudication should be deemed a "prior conviction" under the § 2251(e) and § 2252A(b)(2).

Defendant also takes the position that the Eighth Amendment ban on cruel and unusual punishment prohibits courts from treating youths like adults in making sentencing decisions such as this. Defendant does not provide caselaw supporting the assertion; only precedent related to the proportionate sentencing of juveniles. In fact, the Supreme Court has rejected the notion that a recidivist sentence is imposed for anything other than the defendant's most recent crime. *See United States v. Rodriquez*, 553 U.S. 377, 386 (2008) ("When a defendant is given a higher sentence under a recidivism statute – [or when a guideline system] increases a sentence based on defendant's criminal history – 100% of the punishment is for the offense of conviction. None is for the prior convictions [...]."); *Nichols v. United States*, 511 U.S. 738, 747 (1994) ("[T]his Court consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant.") Further, several circuits have held that juvenile convictions may be used as enhanced sentencing predicates for adult defendants without violating the Eighth Amendment. *See United States v. Hunter*, 735 F.3d 172 (4th Cir. 2013); *United States v. Orona*, 724 F.3d 1297 (10th Cir. 2013); *United States v. Hoffman*, 710 F.3d 1228 (11th

8

Cir. 2013). Here, defendant is facing punishment for adult, not juvenile, conduct and the Eighth Amendment does not bar enhanced sentencing in this context.

### 2. *Was Prior Conviction a Qualifying Predicate?*

Defendant asserts that his underlying state conviction is not a qualifying predicate for sentence enhancement because the conduct chargeable under New York Penal Law § 130.20 is broader than that which is proscribed by federal law. Defendant states that because this statute contains distinct subsections outlining different elements of the crime, the Court must use a modified categorical approach and review certain documents in the judicial record, outlined in *Shepard v. United States*, 544 U.S. 13 (2005), to determine what crime, and with what elements, defendant was convicted of previously. *See United States v. Beardsley*, 691 F.3d 252, 259 (2d Cir. 2012) (holding that when analyzing whether a state conviction may be used to enhance a sentence, courts apply either a "categorical" approach whereby they examine only how a law defines an offense, or "modified categorical" approach in which they may consider facts underlying the prior conviction if based upon "adequate judicial record evidence"); *Mathis v. United States*, 136 S. Ct. 2243 (2016). In the modified approach, the Court may look to *Shepard* documents, including the charging document, plea agreement, plea colloquy, or any explicit factual finding by the trial judge to which the defendant assented, "only to determine which crime within a statute the defendant committed, not how he committed that crime." *See Shepard*, 544 U.S. at 16; *Beardsley*, 691 F.3d at 259.

The parties here agree that the modified categorical approach is proper because Penal Law § 130.20 is divisible and contains types of sexual misconduct, specifically subsection 3 criminalizing "sexual conduct with an animal or a dead human body," which

9

would not be considered a crime of "aggravated sexual abuse, sexual abuse, [or] abusive sexual conduct involving a minor" under 18 U.S.C. § 2251(e) and § 2252A(b)(2). The defendant submits that the Court must presume that the conviction was based on acts that were the least of the crimes outlawed by section 130.20 and determine that they do not constitute sexual abuse under the federal statutes.

Applying the modified categorical approach, the Court need not perform a detailed inquiry into the comparative definitions of "sexual abuse" under state and federal laws, because the Government has provided adequate evidence to show that defendant was charged and convicted under a specific subsection of the state penal law. An Information brought against defendant in Silver Creek Village Court charged defendant with "violation of section 130.20, *subdivision 2* of the Penal Law of the State of New York." *See* Govt Response - Rudroff Aff. Ex. A (Dkt. No. 16-2) (emphasis added). New York Penal Law § 130.20(2) applies to "oral sexual conduct or anal sexual conduct with another person without such person's consent." The Information further states that the offense occurred against a 12-year-old female victim. Defendant does not contest that Section 130.20(2) is a qualifying conviction for "sexual abuse" under 18 U.S.C. § 2251(e) or § 2252A(b)(2). Thus, this crime was inarguably one of "aggravated sexual abuse, sexual abuse, [or] abusive sexual conduct involving a minor."

Although the Court could look to additional *Shepard* documents to confirm that the conduct defendant was convicted of in state court was not broader than the conduct necessary for a federal sentence enhancement, it sees no reason to do so.[3] The accusatory instrument is clear in its specificity to a particular subsection of violation, and

---

[3] As discussed below, the Government has encountered a reasonable delay in obtaining complete past conviction records from the Silver Creek Village Court.

10

that conduct certainly falls inside the plain definition of "sexual abuse" committed against a minor.

Accordingly, this Court concludes that defendant's past crime of sexual misconduct under state law is a "prior conviction" and a predicate conviction qualifying for sentence enhancements under 18 U.S.C. § 2251(e) and § 2252A(b)(2).[4]

### 3. Presentation of Prior Conviction to the Grand Jury

Defendant further argues that by presenting to the grand jury evidence of defendant's prior conviction the Government has engaged in misconduct and tainted the grand jury. It asserts that this type of misconduct should lead to dismissal of the indictment, or in the alternative, that the Court should order disclosure of the grand jury transcripts. The Court is unconvinced by Defendant's arguments.

Grand jury proceedings carry a presumption of regularity. *Hamling v. United States*, 418 U.S. 87, 139 n.23 (1974); *United States v. Ciambrone*, 601 F.2d 616, 623 (2d Cir. 1979) (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). But a prosecutor's right to exercise some discretion and selectivity in the presentation of evidence to a grand jury does not entitle him to mislead it or engage in fundamentally unfair tactics before it. *Ciambrone*, 601 F.2d at 623. "[A]s a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendant[]." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988). Unlike trials before a petit jury, the grand jury process is generally unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials. *United States v. Riley*, 292 Fed. Appx. 717, 725 (10th Cir. 2008) (citing Fed. R. Evid.

---

[4] The Court also notes that Defendant has not shown that dismissal of the indictment would be a proper remedy even if it was decided that the sentencing enhancements were inapplicable.

11

1101(d)(2); *United States v. Calandra*, 414 U.S. 338, 343 (1974). A grand jury's knowledge of a defendant's prior convictions or criminal record does not necessarily taint the indictment process given it is not subject to the same rules of evidence applicable to petit jury proceedings. *Riley*, 292 Fed. Appx. at 722; see also *United States v. Levine*, 700 F.2d 1176, 1179 (8th Cir. 1983) ("we find no misconduct in informing the grand jury of prior convictions"); *United States v. Camporeale*, 515 F.2d 184, 189 (2d Cir. 1975) (holding that grand jury's knowledge of a defendant's prior criminal record does not preclude its filing of an indictment).

Here, defendant has not shown that the presentation of his prior conviction was improper or prejudicial. The fact of his prior criminal record is an allowable subject for grand jury presentation and does not taint the indictment. Moreover, a past conviction for sexual misconduct is relevant to the instant charges and is admissible under Federal Rule of Evidence 414. As an exception to Rule 404's bar against character and propensity evidence, Rule 414 provides: "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 414(a). An "offense of child molestation" includes, *inter alia*, the production of child pornography. *United States v. Levy*, 594 F.Supp. 2d 427, 439 (S.D.N.Y. 2009). Evidence that may be admissible under Rule 414 still must meet the other requirements of the Federal Rules of Evidence, including hearsay rules and Rule 403, but in sexual assault and child molestation cases, the presumption is that the probative value of the propensity evidence is not outweighed by the risk of unfair prejudice. *Id.* (citing *United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997).

Here, each of the offenses at issue, current charges and past crimes, involves child molestation falling under Rule 414. Evidence of defendant's prior conviction for engaging in nonconsensual oral sex with a minor female is highly relevant to the current accusations that defendant engaged in nonconsensual oral sex with a minor female and recorded the abuse. It is reasonable and foreseeable that such evidence will be admissible at trial, thus, it is far from improper for the evidence to have been presented before the grand jury.

Defendant also requests disclosure of the grand jury transcripts. The burden is on the defense to show that "a particularized need" exists for the minutes which outweighs the policy of secrecy. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). An indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. *United States v. Calandra*, 414 U.S. 338, 345 (1974). A defendant is not entitled to inspect grand jury minutes and evidence without producing "concrete allegations of Government misconduct." *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994). Defendant has not met his burden here and disclosure of the grand jury transcripts is unwarranted.

4. *Discovery*

Lastly, Defendant raised discovery issues within his motion to dismiss. As noted above, he objects that "the government has provided no discovery on defendant's criminal history" despite requests from counsel. The Government submits that it has already provided discovery, including numerous Reports of Investigation, defendant's statements, and audio recordings of defendant's jail calls. In reference to the criminal history request, the Government states that it originally referred defense counsel to the pretrial services

report for a comprehensive criminal history and has since provided defendant's National Crime Information Center (NCIC) report. The Government also provided a copy of the accusatory instrument as part of its responding papers, and further states that it has requested additional documents related to the underlying conviction from the Silver Creek Village Court and Chautauqua County District Attorney's Office. The Government explains that it was advised by Chautauqua County officials that there is a delay accessing the complete records due to the current COVID-19 crisis. The Government is directed to provide all criminal history and prior conviction records to defense counsel as soon as they are received.

## CONCLUSION

For the foregoing reasons, it is recommended that defendant's motion to dismiss the indictment be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to the recommendations portion of this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation and Order in accordance with the above statute, Rules 59(b), 45(a), and 45(c) of the Federal Rules of Criminal Procedure, and Local Rule of Criminal Procedure 59. Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation and Order WAIVES***

*THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.* See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988)</u>.

*Pursuant to Local Rule of Criminal Procedure 59(c)(2), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

Dated: April 22, 2020
Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge