IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

       v.                                                        20-CR-30-LJV

DUSTIN J. POST,

               Defendant.

_____

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## OBJECTIONS TO THE REPORT AND RECOMMENDATION

THE UNITED STATES OF AMERICA, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, David J. Rudroff, Assistant United States Attorney, of counsel, hereby responds to defendant's objections to Magistrate Judge Michael Roemer's Report and Recommendation ("R&R") (Dkts. 18, 21).

## PRELIMINARY STATEMENT

The Court should adopt the R&R and deny defendant's motion to dismiss. Defendant initially moved to dismiss the indictment on three meritless grounds: (1) his prior conviction for Sexual Misconduct is not a "prior conviction" under 18 U.S.C. §§ 2251(e) and 2252A(b)(2) because he was adjudicated a youthful offender; (2) New York's Sexual Misconduct statute is broader than the federal analogue, and therefore cannot be used to enhance his sentence; and (3) the government allegedly engaged in misconduct when it presented evidence of his prior conviction to the grand jury. Magistrate Judge Roemer correctly rejected each and every alleged basis for dismissal, and recommended that this Court deny the motion in its entirety.

Now, defendant purports to object to the R&R in its entirety. Aside from several isolated contentions, however, defendant does not address Judge Roemer's reasoning or analysis. Instead, he simply restates the arguments in his original brief in support of the motion. In the interests of judicial economy, the government hereby incorporates, as through fully set forth herein, the facts, law, and arguments set forth in its brief in opposition to the motion to dismiss. Dkt. 16. This Court should adopt the R&R, and deny defendant's motion to dismiss in its entirety.

## FACTUAL BACKGROUND

The government respectfully refers the Court to the factual and procedural history set forth in its brief before the Magistrate Judge. Dkt. 16 at 2-4. Additionally, the government finds the factual history set forth in the R&R to be accurate, and therefore adopts it here. Dkt. 18 at 1-3.

## ARGUMENT

As noted above, defendant's objections to the R&R are largely a restatement of the arguments in his original motion papers. His objections contain very little in terms of addressing Judge Roemer's findings and recommendations. Because of this, the Court should reject defendant's objections for the same reasons stated in the government's prior brief in opposition. *See* Dkt. 16.

### Standard of Review

This Court reviews those portions of the Report and Recommendation to which objections have been made *de novo*. See 28 U.S.C. § 636(b)(1)(C). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

I.  **Judge Roemer correctly found that defendant's youthful offender adjudication is a "prior conviction" under 18 U.S.C. §§ 2251(e) and 2255A(b)(2).**

Both 18 U.S.C. §§ 2251(e) and 2252A(b)(2) impose increased minimum and maximum sentences where a defendant has "a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor and ward." Here, defendant is charged as having such a prior conviction based on a 2013 New York State conviction for Sexual Misconduct under N.Y. Penal Law § 130.20(2). Defendant incorrectly alleges that he does not have a "prior conviction" because he was previously adjudicated a youthful offender under New York law. Dkt. 21 at 3-8.

Contrary to defendant's arguments here, Judge Roemer correctly applied federal law to interpret the federal statutes at issue. The Supreme Court has held that absent "a plain indication to the contrary . . . it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law." *Dickerson v. New Banner Inst. Inc.*, 460 U.S. 103, 119 (1983). In the context of recidivist sentencing statutes, "whether one has been 'convicted' within the language of the gun control statutes is necessarily . . . a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the State. . . . This makes for desirable national uniformity unaffected

by varying state laws, procedures, and definitions of 'conviction.'" *Id.* (citations omitted). As Judge Roemer correctly noted, several Circuits have reached a similar conclusion when analyzing federal child pornography statutes. *See United States v. Gauld*, 865 F.3d 1030, 1032 (8th Cir. 2017) ("Even though Gauld's adjudication occurred under state law, we look to federal law to define this term."); *United States v. Maupin*, 520 F.3d 1304, 1307 (11th Cir. 2008) ("Federal law generally determines whether an offense constitutes a prior conviction . . . the language of § 2252A does not prohibit the use of federal law or require reference to state law to define prior conviction."). Thus, Judge Roemer correctly recommended that the Court apply federal law, not state law, here.

Applying federal law, Judge Roemer correctly found that defendant's youthful offender adjudication may be used to enhance his sentence. Judge Roemer relied on Second Circuit case law in *United States v. Salvatore*, 568 Fed. Appx. 76 (2d Cir. 2014) (unpublished summary order), and *United States v. Sampson*, 385 F.3d 183 (2d Cir. 2004). In *Salvatore*, the Second Circuit held that a New York youthful offender adjudication was a "prior conviction" under 18 U.S.C. § 2252A(b)(1), which contains identical enhancement language to the statues at issue here. *Id.* at 76-77. There, just as here, the defendant argued that his youthful offender adjudication was not a "prior conviction" within the meaning of the statute. The Second Circuit rejected the argument, and found that whether analyzed individually or categorically, defendant's youthful offender adjudication was a "prior conviction" justifying an enhanced sentence. *Salvatore*, 568 Fed. Appx. at 77.

In *United States v. Sampson*, the Second Circuit applied the same reasoning when considering whether a youthful offender adjudication could be used to enhance the defendant's sentence under 21 U.S.C. § 841(b). 385 F.3d 183 (2d Cir. 2004). In its analysis, the *Sampson* court noted that "[t]o say that the convictions were deemed vacated is to say that they were not vacated in fact, [] but rather the '[y]outhful offender finding' was 'substituted for the conviction[s].' " *Id.* at 194, quoting NY Crim. Proc. Law §§ 720.20(3), 720.10(4) (alterations in original). "The language and design of [the New York] statute, as well as its purpose, compel [the] conclusion that an adjudication under the New York youthful offender statute does not result in an expunged conviction. . . ." *Id.* at 195 (internal quotation marks omitted). The Second Circuit emphasized: "[A] youthful offender statute is 'meant to provide a second chance, not a technical legal advantage if, not having learned a lesson, [individuals] continue their criminal conduct.' " *Id.* at 195 (quoting *United States v. Acosta*, 287 F.3d 1034, 1037 (11th Cir. 2002)). "[T]he purpose of [the federal statute], to punish and deter recidivism, would be frustrated if recidivist offenders were excused from enhanced sentencing merely because their prior offenses are not deemed 'convictions' under state law." *Id*. (internal quotations omitted). The Court noted that Sampson was tried and convicted of an adult offense in an adult court, and that he served his sentence in an adult prison. *Id.* at 195. The Court held that a youthful offender adjudication was a "prior conviction" for sentencing enhancement purposes.

Applying *Salvatore* and *Sampson*, Judge Roemer correctly found that, whether analyzed individually or categorically, defendant's prior Sexual Misconduct conviction is a "prior

conviction." Dkt. 18, at 7-8 (noting that defendant was 17 years old, prosecuted in an adult court, and convicted of a class A misdemeanor for which he faced up to a year in prison).

Defendant now objects, contending that Judge Roemer "badly misinterpret[ted]" *Salvatore* because the *Salvatore* Court "expressed doubt that an individualized approach was not necessary." Dkt. 21 at 6. Even assuming this is true (it isn't), Judge Roemer found that "whether considering the individual factors of his past proceedings or making a categorical decision, defendant's past youthful offender adjudication should be deemed a 'prior conviction' under § 2251(e) and § 2252A(b)(2)." Dkt. 18 at 8. Thus, regardless of Judge Roemer believed an individualized analysis was necessary or not, the result is the same. *Id.*

To the extent defendant contends Judge Roemer erred under an individualized analysis, that too is incorrect. Dkt. 21 at 7. Defendant was prosecuted in an adult court. He was convicted of Sexual Misconduct—a Class A misdemeanor for which he faced up to a year in state prison. Although he was not incarcerated, which is not dispositive, defendant was sentenced to six years' probation.[1] *Salvatore*, 568 Fed. Appx. at 77. Lastly, defendant was a mere 6 months from being 18 when he committed the underlying offense. Even under an individualized analysis, defendant's youthful offender adjudication is a "prior conviction." *Salvatore*, 568 Fed. Appx. at 77 (holding that, even under an individualized analysis, a youthful offender adjudication was a "prior conviction" under 18 U.S.C. § 2252A(b)(1) where defendant was a few months shy of his 18th birthday, prosecuted in adult court, and sentenced to 5 years' probation upon conviction); *Sampson*, 385 F.3d at 195.

---

[1] Defendant appears to have still been on probation when he committed the crimes for which he is now charged.

Defendant incorrectly argues that Judge Roemer did not address these factors, or give them the weight they deserve. Dkt. 21 at 7. To the contrary, Judge Roemer considered the factors above (as laid out in *Sampson* and *Salvatore*) and found that defendant's Sexual Misconduct conviction would still be a "prior conviction." Dkt. 18 at 7-8. Contrary to defendant's argument here, Judge Roemer's consideration of defendant's probationer status at the time of the crime—in addition to the factors considered in *Sampson*—is consistent with the Second Circuit's statement of legislative intent to "punish and deter recidivism." *Sampson*, 385 F.3d at 185.[2] In short, whether analyzed categorically or individually, Judge Roemer correctly determined that defendant's youthful offender adjudication was a "prior conviction."

Lastly, Judge Roemer correctly found that enhancing defendant's sentence based on his youthful offender adjudication does not violate the Eighth Amendment. Dkt. 18 at 8-9. As Judge Roemer correctly noted, the Supreme Court has explicitly rejected the notion that a recidivist sentence is imposed for anything other than the defendant's most recent crime. *United States v. Rodriquez*, 553 U.S. 377, 386 (2008) ("When a defendant is given a higher sentence under a recidivism statute . . . 100% of the punishment is for the offense of conviction. None is for the prior convictions or the defendant's status as a recidivist."); *Nichols v. United States*, 511 U.S. 738, 747 (1994) (the Supreme Court "consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant.").

---

[2] Defendant's citations to *United States v. Driskell*, 277 F.3d 150 (2d Cir. 2002), *United States v. Conca*, 635 F.3d 55 (2d Cir. 2011), and *United States v. Jones*, 415 F.3d 256 (2d Cir. 2005) are inapposite. All three cases involved the application of youthful offender convictions while calculating criminal history under the U.S. Sentencing Guidelines. Defendant does not explain how those cases have any bearing on the question before this Court, which is the definition of "prior conviction" under an entirely distinct statutory scheme.

Several circuits have recognized this, and allowed courts to use juvenile convictions enhanced sentencing predicates without violating the Eighth Amendment. *See United States v. Hunter*, 725 F.3d 172 (4th Cir. 2013) (rejecting a similar argument that an enhanced sentence under the ACCA based on a juvenile offense violates the Eighth Amendment); *United States v. Orona*, 724 F.3d 1297 (10th Cir. 2013) (same); *United States v. Hoffman*, 710 F.3d 1228 (11th Cir.2013) (life sentence for adult under recidivist drug laws based on juvenile convictions did not violate Eighth Amendment).

For the foregoing reasons, the Court should adopt the R&R, find that defendant's prior youthful offender adjudication is a "prior conviction," and deny the motion to dismiss.

## II. Defendant's Sexual Misconduct conviction is a predicate conviction involving "sexual abuse" under 18 U.S.C. §§ 2251(e) and 2255A(b)(2).

Defendant originally argued that his prior conviction cannot be used to enhance his sentence because New York Penal Law § 130.20, under which he was convicted, is broader than the conduct proscribed by federal law. Dkt. 15 at 8-11. Judge Roemer correctly applied the modified categorical approach in *United States v. Beardsley*, looked to the Information by which defendant was charged, and found that defendant's previous conviction may be used to enhance his sentence because defendant was convicted under Penal Law § 130.20, subsection (2). Dkt. 18 at 9-11. The government relies on the arguments in its previous brief, and the exhibits offered in opposition to the motion. *See* Dkt. 16 at 12-14, 16-2; Affidavit of David J. Rudroff, sworn to June 19, 2020 ("June Rudroff Aff.") Ex. A (Certificate of Conviction).

8

For the first time in his objections to the R&R, defendant urges that the Information was insufficient, absent more, to establish his prior conviction, and that the Certificate of Conviction provided by the government was not produced timely. Both arguments are meritless, and the Court should deny the motion.

### A.     The government complied with its discovery obligations.

Defendant argues that the government is foreclosed from offering the Information and Certificate of Conviction as *Shepherd* documents because the documents were produced after the voluntary discovery deadline set by Judge Roemer. Dkt. 8-9. However, defendant has not identified any case law or statute obligating the government to produce *Shepherd* documents under Rule 16(a)(1)(D) at all, let alone within two weeks of arraignment.

To the contrary, the Second Circuit has held that Rule 16(a)(1)(D) obligates the government to disclose only the *fact* of defendant's criminal history, not facts or information underlying those convictions. *United States v. Hourihan*, 66 F.3d 458, 463 (2d Cir. 1995). Courts have held that the government may meet this burden by producing either the PTS report showing the defendant's criminal history, or the "FBI rap sheet." *United States v. Trejo-Zambrano*, 582 F.2d 460, 465 (9th Cir. 1978) (legislative history suggests the government may meet its burden by producing an "FBI rap sheet"); *United States v. Overton*, 2017 WL 664165 at *1 (Scott, M.J.) (finding that government met its burden under Rule 16(a)(1)(D) by directing defendant to the PTS report). Defendant does not deny that he received both of these documents—and was well aware of the nature and specifics of his prior conviction—before he made this motion.

Contrary to defendant's repeated assertions, the government complied with its discovery obligations. Defendant cannot obtain dismissal of the indictment on that basis.

### B. Defendant's motion is an inappropriate attempt to litigate factual issues before trial.

Defendant candidly admits that, if the Court credits the Certificate of Conviction underlying his Sexual Misconduct conviction, his argument on this point is moot. Dkt. 21, at 8. Nevertheless, defendant devotes a considerable portion of his brief to challenging the credibility of the Certificate of Conviction, and the sufficiency of the Information in a vacuum. *Id.* at 8-10. In essence, defendant argues that the government does not have sufficient proof of his prior conviction to establish the fact at trial.

The Second Circuit has warned against this, and cautioned that there is no "analogue to summary judgment" in the Federal Rules of Criminal Procedure. *United States v. Sampson*, 898 F.3d 270, 279 (2d Cir. 2018). Thus, "resolv[ing] dispositive fact-based evidentiary disputes on Rule 12(b) motions risks invading the inviolable function of the jury in our criminal justice system." *Id.*, at 281. Here, defendant may choose to challenge the sufficiency of the government's proof with respect to his prior conviction in a Rule 29 motion, or at sentencing, but a Rule 12(b) motion is not an appropriate vehicle to challenge the sufficiency or competency of the government's evidence. The Court should deny the motion.

Moreover, as noted in its original brief and in the accompanying affidavits, the government has made good faith efforts to produce *Shepherd* documents to defendant, but has been hampered due to, in part, the recent COVID-19 pandemic which has caused the Silver

Creek Village Court to shut down for several months. *See* Dkt. 16-2 ¶ 10. The government was only able to obtain the Information and Certificate of Conviction as a courtesy extended by the Chautauqua County District Attorney's Office. June Rudroff Aff. ¶¶ 3-4. In the event the Court finds that the Information and Certificate of Conviction are not sufficient to establish that defendant was convicted under Section 130.20(2), the government requests leave to supplement its submission with other *Shepard* documents as soon as they may be obtained.

### III. It was not inappropriate to present evidence of defendant's prior conviction for Sexual Misconduct to the grand jury, and defendant was not unfairly prejudiced.

Lastly, defendant argues that the government improperly presented his prior conviction to the grand jury. Defendant makes effectively the same argument that Judge Roemer rejected. He argues that his prior conviction will not be decided by a petit jury under *Apprendi*, and it was therefore improper to present it to the grand jury. Defendant seeks dismissal of the indictment, or, alternatively, disclosure of the grand jury transcripts. Both arguments are meritless.

#### A. Presenting defendant's prior conviction to the grand jury was not improper.

Grand jury proceedings carry a presumption of regularity. *Hamling v. United States*, 418 U.S. 87, 139 n. 23 (1974); *United States v. Ciambrone*, 601 F.2d 616, 623 (2d Cir. 1979) (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956); *United States v. Torres*, 901 F.2d 205, 232 (2d Cir. 1990). Dismissing an indictment is "the most drastic remedy" available to eliminate prejudice or disincentivize improper conduct. *United States v. Dyman*, 739 F.2d 762, 768 (2d Cir. 1984) (quotation marks omitted). Because of this, dismissal "is rarely used." *Id.* Indeed,

"as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendant[]." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988). Defendant must therefore show both that presenting his prior conviction to the grand jury was improper *and* that he was prejudiced.

Presenting defendant's prior conviction to the grand jury was neither improper nor prejudicial because his conviction is highly relevant and admissible under Federal Rule of Evidence 414. Rule 414 provides: "in a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." "Offense of child molestation" is defined as:

> a crime under Federal law or the law of a State . . . that involved—
>
> (1) any conduct proscribed by chapter 109A of title 18, United States Code, that was committed in relation to a child;
> (2) any conduct proscribed by chapter 110 of title 18, United States Code;
> (3) contact between any part of the defendant's body or an object and the genitals or anus of a child;
> (4) contact between the genitals or anus of the defendant and any part of the body of a child;
> (5) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on a child; or
> (6) an attempt or conspiracy to engage in conduct described in paragraphs (1)-(5).

Fed. R. Evid. 414(d).

Rule 414 creates an exception to the Rule 404(b) bar against propensity evidence. *United States v. Levy*, 594 F. Supp. 2d 427, 438 (S.D.N.Y. 2009). Instead, "evidence that a defendant engaged in child molestation in the past is admissible to prove that the defendant

12

has a propensity to commit, or a disposition of character that makes it more likely that he did commit, the act of child molestation charged in the instant case." *Id*. at 439. Such propensity evidence must still comply with the rules against hearsay, and its probative value must outweigh the danger of unfair prejudice to the defendant; however, "in sexual assault and child molestation cases, the presumption is that the probative value of the propensity evidence is not outweighed by the risk of unfair prejudice." *Id*., citing *United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997).

  Here, as Judge Roemer correctly found, all of the offenses at issue here involve child molestation under Rule 414. Moreover, evidence of defendant's prior conviction for engaging in nonconsensual oral sex with a minor female is highly relevant to the current charges, in which defendant is accused of, inter alia, engaging in non-consensual oral sex with a minor female and recording the abuse. At trial, the government will introduce this evidence under Rule 414. Logically then, it was not improper to present this evidence to the grand jury, whose evidentiary rules are far less strict than those of a petit jury. *See, e.g., U.S. v. Riley*, 292 Fed. Appx. 717, 722 (10th Cir. 2008) ("a grand jury's knowledge of a defendant's prior convictions or criminal record does not necessarily taint the indictment process given it is not subject to the same rules of evidence applicable to petit jury proceedings"); *United States v. Levine*, 700 F.2d 1176, 1179 (8th Cir. 1983) ("we find no misconduct in informing the grand jury of prior convictions"); *United States v. Camproeale*, 515 F.2d 184, 189 (2nd Cir. 1975) (grand jury's knowledge of defendant's prior criminal record does not preclude its filing of an indictment).

13

Even if it were improper to present this evidence to the grand jury—and it clearly was not—defendant cannot establish that he was prejudiced. In interviews with Homeland Security Investigations, defendant candidly admitted to the conduct for which he was indicted, and much more. Thus, merely informing the grand jury that defendant was also convicted of Sexual Misconduct did not "substantially influence[] the grand jury's decision to indict" such that the "drastic remedy" of dismissing the indictment is warranted. Even without evidence of his prior conviction, the evidence against defendant is overwhelming. *See generally Bank of Nova Scotia*, 487 U.S. at 256.

### B. Defendant has not met his burden to obtain disclosure of the grand jury proceedings.

Defendant also requests disclosure of the grand jury transcripts, alleging, without support, that the government disclosed the contents of the pretrial services report to the grand jury. Dkt. 21 at 12.

Pursuant to Federal Rule of Criminal Procedure 6(e), a Court may only permit disclosure of grand jury proceedings "at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the Grand Jury." The burden is on the defendant to show a particularized need for grand jury minutes, which outweighs the policy of secrecy and presumption of regularity. *Pittsburgh Plate Glass Co. v. U.S.*, 360 U.S. 395, 400 (1959); *In Re Grand Jury Investigation (General Motors Corp.)*, 32 F.R.D. 1975 (S.D.N.Y.), app. dismissed, 318 F.2d 533, cert. denied, 375 U.S. 802 (1963).

Defendant has not met this burden. In short, defendant's allegations of misconduct are completely unsupported. Defendant reasons that because the government did not yet possess the Information and Certificate of Conviction underlying his prior conviction when he was indicted, the government *must have* disclosed the contents of the bail report to the grand jury. Dkt. 21 at 11. Defendant conveniently ignores his candid statements to HSI, during which he not only admitted to sexually abusing nine minor children, but confirmed that he had previously received oral sex from a 12-year-old girl on a school bus, and been convicted of Sexual Misconduct as a result. Thus, contrary to defendant's unsupported assertion, misconduct is not "the only explanation" for the grand jury's prior conviction allegation (Dkt. 21 at 11), and defendant has not met his burden.

The Court should deny defendant's request for disclosure of the grand jury transcripts.

## **CONCLUSION**

For all of the foregoing reasons, the Court should adopt the R&R and deny defendant's motion to dismiss the indictment.

DATED: Buffalo, New York, June 19, 2020.

                                        JAMES P. KENNEDY, JR.
                                        United States Attorney

BY:   s/ DAVID J. RUDROFF
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716/843-5806
        David.Rudroff@usdoj.gov