UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DUSTIN POST,

Defendant.

20-CR-30-V
ORDER

The defendant, Dustin Post ("Post"), is charged in a five-count indictment with two counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e), and three counts of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).  Docket Item 11.  All counts charge that Post is subject to heightened penalties because of his "prior conviction under the laws of the State of New York relating to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor."  *Id*.  On March 16, 2020, Post filed a motion to dismiss the indictment on three grounds.  Docket Item 15.

First, Post asserts that because his prior misdemeanor conviction was a youthful offender adjudication, it does not qualify as a "prior conviction" under the law.  *Id*.  Second, Post argues that even if a youthful offender adjudication qualifies as a prior conviction, his conviction for sexual misconduct under New York law was not related to "aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor."  *Id*.  Third, Post argues that the government tainted the grand jury by unnecessarily and wrongfully advising about his prior sexual abuse conviction.  *Id*.

The government opposed the motion to dismiss.  Docket Item 16.  On April 22, 2020, Magistrate Judge Michael J. Roemer issued a Report & Recommendation ("R&R"), Docket Item 18, finding that Post's state conviction is a "prior conviction" that qualifies for the sentencing enhancements under 18 U.S.C. §§ 2251(e) and 2252A(b)(2).  *See* Docket Item 18 at 11.  Judge Roemer also found that Post failed to show that the presentation of his prior conviction to the grand jury was improper or prejudicial.  *Id.* at 12.  Judge Roemer therefore recommended that Post's motion to dismiss be denied.

On June 5, 2020, Post objected to the R&R, reiterating the arguments he made before Judge Roemer.  Docket Item 21.  The government responded on June 19, 2020, Docket Item 23, and Post replied on June 16, 2020, Docket Item 24.  After hearing oral argument on the objections on July 9, 2020, this Court adopted the recommendation of Judge Roemer that the motion to dismiss, Docket Item 15, be denied.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

This Court has carefully and thoroughly reviewed the R&R, the objections, the response, the reply, and the materials submitted to Judge Roemer.  Based on that *de novo* review, the Court accepts and adopts the recommendation to deny the defendant's motion to dismiss.  As discussed at length during oral argument, this Court disagrees with the defendant's argument that the indictment as drafted is defective and therefore subject to dismissal.  The defendant's argument is akin to a motion for summary

judgment in a civil case—something not available in a criminal case. "Summary judgment does not exist in federal criminal procedure," and "the sufficiency of the evidence is not appropriately addressed by" a pretrial motion to dismiss. *United States v. Sampson*, 898 F.3d 270, 282 (2d Cir. 2018); *United States v. Parker*, 165 F.Supp.2d 431, 458 (W.D.N.Y. 2001). Indeed, only when the government offers "what can fairly be described as a *full* proffer of the evidence it intends to present at trial" can the sufficiency of the evidence be tested before trial. *Sampson*, 898 F.3d at 282 (emphasis added). The Court also agrees with Judge Roemer that the government's presentation of Post's prior conviction to the grand jury was not unduly prejudicial. Accordingly, and for the reasons stated on the record during the July 9, 2020 oral argument and incorporated by reference herein, Post's motion to dismiss is DENIED.

SO ORDERED.

Dated:   July 10, 2020
         Buffalo, New York

                                           *s/ Lawrence J. Vilardo*
                                           LAWRENCE J. VILARDO
                                           UNITED STATES DISTRICT JUDGE