IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                             20-CR-30-LJV

DUSTIN J. POST,

            Defendant.

## GOVERNMENT OPPOSITION TO
## DEFENDANT'S OBJECTION TO SENTENCING FACTORS

The Court should apply the four-point enhancement under United States Sentencing Guideline ("U.S.S.G.") Section 2G2.1(b)(4) when calculating the defendant's sentencing guidelines. That enhancement applies where, as relevant here, the offense involves material that portrays "sadistic . . . conduct, or other depictions of violence." As discussed further below, the two videos underlying Counts 1 and 2 of the Indictment depict the defendant forcibly orally sodomizing a 12-year-old girl, during which she chokes and gasps for air while the defendant refuses to stop. A reasonable observer would find that the conduct depicted in those videos was physically painful and therefore sadistic.

However, even if the defendant were correct that that the videos do not depict physical sadism, the Second Circuit has held that the enhancement will also apply where the conduct involves mental or psychological cruelty. *See United States v. Bleau*, 930 F.3d 35, 40-41 (2d Cir. 2019). As discussed in detail, *infra,* the videos at issue unquestionably involve depictions of mental cruelty inflicted by the defendant upon a young girl.

## ARGUMENT

U.S.S.G. § 2G2.1(b)(4) imposes a four-level enhancement where, as relevant here, the offense involves material that portrays "sadistic or masochistic conduct or other depictions of violence." Sadistic conduct is defined as "'the infliction of pain' for sexual gratification, 'delight in physical or mental cruelty,' and the use of 'excessive cruelty.'" *United States v. Freeman*, 578 F.3d 142, 145 (2d Cir. 2009), quoting *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996). The enhancement will generally apply to depictions involving a minor that would have caused the minor pain. *Freeman*, 578 F.3d at 146.

Critically, the Second Circuit does not limit sadistic conduct to only that which depicts a minor in *physical* pain. Instead, the Second Circuit has held that "the depiction of mental, but not physical, cruelty suffices to trigger the enhancement under § 2G2.2(b)(4)."[1] *Bleau*, 930 F.3d at 40-41. The inquiry is an objective one; the Court must "determine only whether an outside viewer, as he is watching, would perceive the depicted activity as causing physical or mental pain to the minor during the course of the activity." *Id.* at 41.

Here, whether the Court analyzes the videos at issue for mental or physical pain, the result is the same: the defendant's conduct was sadistic. Because, as the defendant notes (Dkt. 67 at 2), the inquiry is an objective one, a detailed examination of the videos at issue is necessary.[2]

---

[1] Although *Bleau* analyzed the enhancement under U.S.S.G. § 2G2.2(b)(4), which applies to the possession/receipt of child pornography, and not § 2G2.1(b)(4), the same principles apply. Both enhancements use identical language, *i.e.* "sadistic or masochistic conduct or other depictions of violence," and the Second Circuit has cited *Bleau* when discussing the enhancement under § 2G2.1(b)(4). *See United States v. Martin*, 801 Fed.Appx. 803, 807 (2d Cir. 2020).

[2] Because resolving this question requires an objective analysis of the precise depictions at issue, the Court

2

Count 1 of the Indictment relates to the defendant's production of a 57-second video titled "KVID0040.mp4." The video begins with the minor victim ("MV1"), who was then 12 years old, standing in a bathroom. She is physically shaking or trembling, and she appears to be hyperventilating. The defendant instructs MV1 to sit down on the toilet. MV1 whimpers and appears to be on the verge of tears. She meekly tells the defendant "oh my god. I don't want to do this." She continues to shake and appears to place her hands over the mouth or face. The defendant whispers something inaudible, at which point MV1 looks at the camera and states her name and age while the defendant strokes his penis. After identifying herself, MV1 turns her head toward the defendant, who uses his hand to force her head down onto his erect penis as MV1 attempts to pull her head away. The defendant instructs MV1 to "open wider," at which point he begins to forcibly thrust his penis into her mouth. MV1 recoils and tries to pull her head away while the defendant continues to pull her head down with his hands. At that point, MV1 uses the fingers on her left hand to count down quickly, likely counting down until the ordeal was over. When she counts to ten, the defendant releases her head and MV1, who appears distraught, to say the least, quickly rushes out of the bathroom.

Count 2 of the Indictment relates to the defendant's production of a second video that same night. The second video is one minute and eleven seconds long and is titled "KVID0042.mp4." This video again begins with MV1 seated in what appears to be a bathroom. She is again hyperventilating and shaking. She states her name and age into the

---

should review the videos themselves to properly calculate the guidelines. The government will provide copies of the two videos at issue to the Court under seal for *in camera* review.

camera twice—once after the defendant admonishes her to speak louder. The defendant is seen stroking his penis with his hand as MV1 whimpers. The defendant then begins forcibly thrusting his penis into MV1's mouth while MV1 puts her hand on the defendant's leg in a fruitless attempt to stop him, or at least to reduce the forcefulness of his thrusts. MV1 begins to physically choke and gag, at which point she violently pulls away and appears to fall backward off her seat, possibly sitting on the edge of a bathtub. She desperately tells the defendant that she was choking while he continues to stroke his penis. She pleads, "I don't want to do this," "please stop," and "can we stop now." The defendant demands that she get up and continue. He tells her "one more—just to make sure I got it," referring to his attempt to record the violent abuse. The defendant again pulls MV1's head down on his penis and continues to violently thrust for several more seconds before MV1 pulls away and stands up. She appears on the verge of tears and continues to plead "no more. Can we be done? Please?" At that point the defendant's phone, which he was using to record the abuse, appears to ring, and the defendant reaches over to turn it off.

Whether reviewing them for physical or mental pain, it does not matter; the two videos here depict sadistic conduct. An outside viewer should easily find that a minor gagging and choking while an adult forcefully thrusts his penis into her mouth and forces her head down with his hands is in physical pain and the depiction is therefore sadistic. Alternatively, a viewer should find that a minor being forcibly abused this way while she shakes, trembles, hyperventilates, and pleads with her abuser to stop is in mental pain, and the depiction is therefore sadistic. The result is the same. The enhancement applies.

The defendant relies on what one court deemed (in the course of rejecting it) "the penetrative sex rule," *i.e.* that the sadism enhancement does not apply because the videos did not depict anal or vaginal penetration.  Dkt. 67 at 1-2; *United States v. Comeaux*, 445 Fed. Appx. 743, 745 (5th Cir. 2011) (rejecting a defendant's argument that the sadism enhancement did not apply because he merely penetrated his step-daughter with his tongue, and noting that the "penetrative sex rule" is "not a rule, but rather an amalgam of cases that attempt to determine in an ad hoc manner what types of acts would qualify as sadistic or violent.").  The government has not located a single Second Circuit case holding that penetrative sex is required by U.S.S.G. § 2G2.1(b)(4).  Moreover, neither the text of the Guideline nor the application notes require anal or vaginal penetration.  Instead, as the Second Circuit has repeatedly held, the only requirement is that the depiction portray "'the infliction of pain' for sexual gratification, 'delight in physical or mental cruelty,' and the use of 'excessive cruelty.'" *United States v. Freeman*, 578 F.3d 142, 145 (2d Cir. 2009).  Consistent with this rule, numerous Circuit Courts have applied sadism enhancements in the absence of penetrative sex.  For example, depictions of minors being physically restrained have been found sadistic, *United States v. Hotaling*, 634 F.3d 725, 731-732 (2d Cir. 2011), pictures of a young girl in a collar have been found sadistic, *United States v. Wolk*, 337 F.3d 997, 1007-1008 (8th Cir. 2003), and pictures of adult men urinating on a child's face have been found sadistic. *United States v. Turchen*, 187 F.3d 735, 740 (7th Cir. 1999).

Again, although the videos at issue here did not depict penetrative sex, they did depict the infliction of pain in the form of choking and gagging, as well as physical restraint when the defendant used his hands to prevent MV1 from pulling her head away from his penis.

5

Either one could be the basis for the Court to find that the videos depict cruelty. If that were not sufficient, the videos taken as a whole, including the depictions of MV1 shaking, hyperventilating, whimpering, and pleading with the defendant to stop certainly qualify as psychologically sadistic under *Bleau*. 930 F.3d at 40-42.

## CONCLUSION

The videos created by the defendant that underly Counts 1 and 2 of the Indictment depict objectively sadistic conduct. The Court should apply the sentencing enhancement under U.S.S.G. § 2G2.1(b)(4), and other wise adopt the findings of the PSR.

DATED: Buffalo, New York, January 28, 2022.

> TRINI E. ROSS
> United States Attorney

BY: s/ DAVID J. RUDROFF
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5806
David.Rudroff@usdoj.gov